Matter of Diane E. v Lynette E. (2019 NY Slip Op 09341)





Matter of Diane E. v Lynette E.


2019 NY Slip Op 09341


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

528046

[*1]In the Matter of Diane E., Respondent,
v
Lynette E., Appellant.

Calendar Date: November 21, 2019

Before: Garry, P.J., Egan Jr., Lynch and Devine, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Lisa K. Miller, McGraw, for respondent.



Devine, J.
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered November 26, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed a family offense, and issued an order of protection.
Respondent (hereinafter the daughter) resides with her boyfriend and children in a second-floor apartment at the home of petitioner (hereinafter the mother). The mother commenced this family offense proceeding in June 2018, alleging incidents in which the daughter verbally and physically abused her. Following a hearing, Family Court determined that the daughter had committed the family offense of harassment in the second degree and issued an order of protection in the mother's favor. The daughter appeals.
We affirm. To succeed, the mother was obliged to prove by a fair preponderance of the evidence that the daughter committed a family offense (see Matter of Bedford v Seeley, 176 AD3d 1338, 1339 [2019]; Matter of Joan WW. v Peter WW., 173 AD3d 1380, 1381 [2019]). The mother testified that the daughter subjected her to a variety of harassing, abusive and threatening behavior after a dispute over household expenses turned their relationship sour, notable incidents of which included spraying a pesticide into the mother's eyes, striking her in the head with a broom handle, throwing a lightbulb at her head and shoving her forcefully against a washing machine. The mother also stated that the daughter had surveilled her telephone calls, frequently referred to her and her friends in vulgar terms and threatened to kill her and cut her body up. A friend of the mother confirmed that some of this conduct had occurred, and that such conduct made the mother fearful and affected her health.
Family Court credited the mother's account over those provided by the daughter and her boyfriend, relying upon both the mother's demeanor on the stand and her evident mobility problems that, implicitly, made her an unlikely aggressor toward her healthy adult daughter. Notwithstanding the arguments of the daughter, the court's credibility assessment is entitled to "great weight" (Matter of Joan WW. v Peter WW., 173 AD3d at 1381). Thus, we agree with Family Court that the credible proof showed the daughter to have committed harassment in the second degree by engaging in a course of conduct that had no legitimate purpose and that the conduct was meant to, and did, "alarm or seriously annoy" the mother (Penal Law § 240.26 [3]; see Matter of Wilson v Wilson, 169 AD3d 1279, 1280 [2019]; Matter of Jasmin NN. v Jasmin C., 167 AD3d 1274, 1277 [2018]; Matter of Kristina L. v Elizabeth M., 156 AD3d 1162, 1165-1166 [2017], lv denied 31 NY3d 901 [2018]).
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ORDERED that the order is affirmed, without costs.